## METROPOLITAN EL. RY. CO. *v*. LEVY.

*(Supreme Court, General Term, First Department.  January 16, 1891.)*

1. EMINENT DOMAIN—ELEVATED RAILROAD—COMPENSATION.
   In ascertaining the compensation to be made to the owner of a lot on a corner formed by the intersection of two streets at right angles, for so much of his easement or privilege in one of the streets as had been taken by an elevated railway company, in the construction and operation of its road, the street space affected is properly determined by a line drawn from said corner of the two streets to the corner diagonally opposite.

2. SAME—CONFIRMATION OF REPORT—APPEAL.
   An elevated railway company, having obtained a confirmation of a commissioner's report of appraisal of the value of easements taken for its benefit, is not thereby estopped under Laws N. Y. 1875, c. 606, prescribing proceedings to be taken by elevated railway companies to acquire title to lands, from taking an appeal from the order confirming such report, in order to obtain a further hearing.

Appeal from special term, New York county.

Proceedings by the Metropolitan Elevated Railway Company to acquire the easements required for its railway on West Third street, New York, appurtenant to a lot on the south-west corner of said street and South Fifth avenue, known as "No. 64 West Third Street," the property of Jefferson M. Levy. The application related only to so much of the property as fronted on West Third street, and not to that part fronting on South Fifth avenue, which was also occupied by said company's road. The commissioners, by their report, awarded to the respondent the sum of $6,500 as the value of so much of the easements of light and of air and of access appurtenant to the said lot of land as has been taken by the petitioner by the construction, maintenance, and operation of the said railway in front, upon said West Third street, of said lot of land, as hereinbefore described. Such compensation relates to all of, and is exclusively confined to, that portion of said West Third street included in

the quadrilateral area formed by the following four straight lines: (1) The westerly boundary line of the said lot and premises projected across said West Third street; (2) a straight line extending from the north-easterly corner of said lot and premises, at the junction of the front house line upon said West Third street of said lot and premises with the front house line upon South Fifth avenue of the said lot and premises, to the south-easterly corner of the lot and premises situated diagonally across said West Third street and South Fifth avenue, viz., upon the north-easterly corner of said West Third street and South Fifth avenue, at the point of junction of the front house line upon said West Third street of the last-mentioned lot and premises with the front house line upon South Fifth avenue of the last-mentioned lot and premises; (3) the northerly line; and (4) the southerly line of said West Third street, extending between the two lines immediately previously mentioned. The report of the commissioners was confirmed upon motion of the petitioner, and from the order of confirmation then entered the petitioner has taken this appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Davies & Rapallo*, for appellant.    L. *Napoleon Levy*, (*Gratz Nathan*, of counsel,) for respondent.

DANIELS, J.    The petitioner, the Metropolitan Railway Company, applied for the appointment of commissioners to appraise and determine the amount to be paid by it for so much of the privilege, easement, or other interest in said West Third street as has been taken by reason of the construction, maintenance, and operation of the elevated railway of the petitioner belonging to or claimed by Augustus Vogt, or Elias B. Schlesinger, or Louise T. Kneeland, executrix of and trustee under the last will of Charles Kneeland, deceased, and appurtenant to the lot and premises known as "No. 64 West Third Street," in the city of New York, and bounded and described as follows: "Beginning at the south-westerly corner of West Third street and South Fifth avenue, running thence westwardly along the southerly line of West Third street twenty-five feet; thence southwardly, parallel with South Fifth avenue, one hundred feet; thence eastwardly, parallel with West Third street, twenty-five feet to the westerly line of South Fifth avenue; and thence northwardly, along the said westerly line of South Fifth avenue, one hundred feet to the point or place of beginning.    *    *    *"    Commissioners were appointed for this object, who were by the order then made directed to ascertain and appraise the compensation to be made to the owners or persons interested for so much of the privilege, easement, or other interest in said West Third street as has been taken by reason of the construction, maintenance, and operation of the elevated railway of the petitioner, belonging to or claimed by Augustus Vogt, or Elias B. Schlesinger, or Louise T. Kneeland, executrix of and trustee under the last will of Charles Kneeland, deceased, and appurtenant to the lot and premises known as "No. 64 West Third Street," in the city of New York, and bounded and described as follows: "Beginning at the south-westerly corner of West Third street and South Fifth avenue; running thence westwardly, along the southerly line of West Third street, twenty-five feet; thence southwardly, parallel with South Fifth avenue, one hundred feet; thence eastwardly, parallel with West Third street, twenty-five feet, to the westerly line of South Fifth avenue; and thence northwardly, along the said westerly line of South Fifth avenue, one hundred feet to the point or place of beginning. *    *    *"    These commissioners viewed the premises, and heard the evidence offered, and reported that the sum of $6,500 should be paid by the petitioner to compensate the owner and persons interested, for the value of so much of the easements of light and of air and of access in or from said West Third street appurtenant to the said lot of land known as "No. 64 West Third Street," in the city of New York, as has been taken for the purposes of the

petitioner, in the manner that the same has been taken by the petitioner by the construction, maintenance, and operation of the said railway in front, upon said West Third street, of said lot of land as hereinbefore described, and in accordance with the plan hereto annexed, is the sum of $6,500, which sum ought to be paid to Jefferson M. Levy and Louise T. Kneeland, as executrix of and trustees under the last will and testament of Charles Kneeland, deceased, and George Hillen, as respectively the owner of and persons interested in said easements and said lot No. 64 West Third street, the same being described in subdivision 1 of the said petition and in said order and hereinabove. It was determined to be the value of so much of these easements in or from West Third street, appurtenant to said lot of land, as have been taken by the petitioner by the construction, maintenance, and operation of the said railway in front, upon said West Third street, of said lot of land, as hereinbefore described, and, in accordance with the diagram hereto annexed, relates to all of, and is exclusively confined to, that portion of said West Third street included in the quadrilateral area formed by the following four straight lines: "(1) The westerly boundary line of the said lot and premises projected across said West Third street; (2) a straight line extending from the north-easterly corner of said lot and premises, at the junction of the front house line upon said West Third street of said lot and premises with the front house line upon South Fifth avenue of the asid lot and premises, to the south-westerly corner of the lot and premises situated diagonally across said West Third street and South Fifth avenue, viz., upon the north-easterly corner of said West Third street and South Fifth avenue at the point of junction of the front house line upon said West Third street of the last-mentioned lot and premises with the front house line upon South Fifth avenue of the last-mentioned lot and premises; (3) the northerly line: and (4) the southerly line of said West Third street, extending between the two lines immediately previously mentioned. And the said sum of six thousand five hundred dollars ($6,500) has been determined upon by us as the proper compensation to be paid by the petitioner to the parties hereinbefore mentioned for the property of said parties taken by the petitioner by the construction, maintenance, and operation of its elevated railroad within the said area, and within the said area alone."

The report was confirmed on the motion of the petitioner, and this appeal was brought by it to review the report of the commissioners. This practice is not liable to the objection taken by it by the counsel for the respondent on account of the fact that it obtained the order confirming the commissioners' report. The object of the appeal is not to review that order, but to obtain a further hearing before these or other commissioners by setting aside the report. And it has been clearly provided for by sections 21, 22, c. 606, Laws 1875, as it previously had been for other companies by chapter 140, Laws 1850, authorizing the formation of railroad companies, and prescribing the proceedings to be taken by them to obtain the title to lands required for the purposes of the corporation. The proceedings of the commissioners have not been otherwise brought in question by the appeal than in the extent and effect of that part of the report which is descriptive of the space in the street in front of the premises from which the owner and persons interested in them have been deprived of the easements of light, air, and access by the construction of the elevated railway structure and its use as a railway by the trains passing and repassing thereon. It is objected that the premises, or the portion of the street described in the report, have not included all that was described in the order and the petition. But this objection does not seem to be sustained by the record, for what the petitioner applied to have appraised was "the value of so much of the easements, of light and of air and of access in or from said West Third street appurtenant to the said lot of land known as 'No. 64 West Third Street,' in the city of New York, as has been taken for the purposes of the petitioner, in the manner as the same has been taken by the petitioner, by

the construction, maintenance, and operation of the said railway, in front, upon said West Third street, of said lot of land as hereinbefore described." And that is what the report states was appraised by the commissioners. They reported that their award was for "the value of so much of the easements of light and of air and of access in or from said West Third street appurtenant to the said lot of land, as has been taken by the petitioner by the construction, maintenance, and operation of the said railway, in front upon said West Third street, of said lot of land as hereinbefore described," which is in substance the same description contained in the petition and in the order in the proceedings; and it underwent no substantial change or restriction by the lines and bounds afterwards added. They include the space between the westerly line of the lot projected across West Third street, which is the westerly limit of this lot, and of its bounds by the street, and a straight line extending from the north-easterly corner of said lot and premises, at the junction of the front house line upon West Third street of said lot and premises with the front house line upon South Fifth avenue of the said lot and premises, to the south-westerly corner of the lot and premises situated diagonally across said West Third street and South Fifth avenue, viz., upon the north-easterly corner of said West Third street and South Fifth avenue, at the point of junction of the front house line upon said West Third street of the last-mentioned lot and premises with the front house line upon South Fifth avenue of the last-mentioned lot and premises. This line is projected straight from the south-easterly corner of the lot and building affected on the west of South Fifth avenue to the north-easterly corner of West Third street and South Fifth avenue at the junction of the lines of these two streets. And that with the west line seems to include the entire front of the house and lot in question on West Third street, and is also stated to have done so by the north and south lines, which is what the petitioner applied to have done and the order directed should be done. The description, it is true, has been made a little obscure by the prolixity of the verbiage employed, but still, as the lines as they have been extended across East Third street from the westerly and easterly bounds of the premises include all that street in front of them, which has been interfered with by the structure of the petitioner, and the use made of it, the petitioner has been secured all that it applied to have estimated and made the subject of compensation. The report therefore should be affirmed, with costs.

All concur.